**ZeeWee Dakar IMPALA,
Plaintiff-Appellant,**

v.

**UNITED STATES DEPARTMENT OF
JUSTICE, Office of Professional Re-
sponsibility, Defendant-Appellee.**

**15-3055**

United States Court of Appeals,
Second Circuit.

November 15, 2016

FOR PLAINTIFF-APPELLANT:
Thomas J. Lengyel, Milford, CT.

FOR DEFENDANT-APPELLEE: San-
dra Slack Glover, Assistant U.S. Attorney,
New Haven, CT.

PRESENT: AMALYA L. KEARSE,
DENNIS JACOBS, ROSEMARY S.
POOLER, Circuit Judges.

## SUMMARY ORDER

Appellant ZeeWee Dakar Impala ap-
peals from the district court's judgment on
the pleadings, which dismissed his action
on recommendation by the assigned magis-
trate judge. We assume the parties' famil-
iarity with the underlying facts, the proce-
dural history of the case, and the issues on
appeal.

"We have adopted the rule that failure
to object timely to a magistrate's report
operates as a waiver of any further judicial
review of the magistrate's decision ... at
least when the parties receive clear notice
of the consequences of their failure to ob-
ject." *Small v. Sec'y of Health and Human
Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per
curiam); 28 U.S.C. § 636(b)(1).

The magistrate judge's report warned
Impala, who was pro se, that failure to
object may bar further review; but that
warning erroneously failed to explain that
Impala's failure to object *would* preclude
appellate review, nor did it specify the
deadline by which to object. However, the
district judge successively gave Impala
two clear deadlines, with express state-
ments that absent his objection by the
deadline specified the case would be dis-
missed. Impala failed to object by either
deadline.

We decline to excuse Impala's failure to
object "in the interests of justice." *Roldan
v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993).
The inquiry is "whether the defaulted ar-
gument has substantial merit or, put oth-
erwise, whether the magistrate judge com-
mitted plain error in ruling against the
defaulting party." *Spence v. Superinten-
dent*, 219 F.3d 162, 174 (2d Cir. 2000). For
the reasons identified in the magistrate
judge's report and recommendation, Impa-
la's claims lack a basis in fact or law. Thus,
the district court did not err in declining to
afford Impala an additional opportunity to
object.

We have considered Impala's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.